**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and JAMES S. JORGENSEN, Administrator of the Funds,**

**Plaintiffs,**

v.

**ASC INSULATION, FIREPROOFING AND SUPPLIES, INC., an Illinois corporation, and SERGIO CASTRO, individually,**

**Defendants.**

**Case No.: 16 C 9109**

**COMPLAINT**

Plaintiffs Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund (collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the Funds, by their attorneys Patrick T. Wallace, Jerrod Olszewski, Amy N. Carollo, Katherine C.V. Mosenson, and Kelly Carson, and for their Complaint against Defendants ASC Insulation, Fireproofing and Supplies, Inc. and Sergio Castro, individually, state:

**COUNT I**

**(Failure to Submit Benefit Contributions)**

For a cause of action against ASC Insulation, Fireproofing and Supplies, Inc.:

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331 and federal common law.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA.  29 U.S.C. §1002(3) and 37(A).  They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds have offices and conduct business within this District.

4.      Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union").  With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant ASC Insulation, Fireproofing, Inc. (hereinafter "ASC" or the "Company") is an Illinois corporation authorized with the Illinois Secretary of State to operate in

Illinois. The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.     The Union is a labor organization within the meaning of 29 U.S.C. §185(a). At all times relevant herein, the Company and the Union have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2013 ("Agreement"). (Copies of the Company's Memorandum of Joint Working Agreement and the Independent Construction Industry Collective Bargaining Agreement which adopt and incorporate various area-wide Master Agreements between the Union and various employer associations, and also bind the Company to the Funds' respective Agreements and Declarations of Trust are attached hereto as Exhibits A and B.)

7.     The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Further, the Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the MWCC Industry Advancement Fund (the "MWCC"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCMC"), the Will Grundy Industry Trust

Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA"), the Illinois Small Pavers Association Fund ("ISPA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those Funds.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which the Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. The Company is obligated to pay between 10% to 20% liquidated damages on late-paid contributions plus interest at a rate of 12% from the date the contributions were due until the contributions are paid.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

11. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to submit reports and/or pay contributions to Plaintiff Laborers' Pension Fund for the period of July 2016 forward, thereby depriving the Laborers' Pension Fund of

contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to submit reports and/or pay contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of July 2016 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to submit reports and/or pay contributions to Plaintiff Chicago Laborers' District Council Retiree Health and Welfare Fund for the period of July 2016 forward, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d) failed to submit reports and/or pay contributions to Laborers' Training Fund for the period of July 2016 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(e) failed to report and/or pay all contributions owed to one or more of the other affiliated funds identified above for the period of November 2015 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

12. Pursuant to the terms of the Agreement the Company is required to obtain and maintain a surety bond to insure payment of future wages and benefits. The Company has failed to obtain and maintain the required surety bond with the Funds.

13. The Company failed to submit timely payment of benefit reports for the period of August 2015 through June 2016. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust the Company owes $18,922.10 in liquidated damages to the Welfare, Retiree Welfare and Pension Funds for the late paid reports for the period of August 2015 through June 2016.

14. The Company's actions in failing to timely submit reports and contributions violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185, and federal common law interpreting ERISA, 29 U.S.C. §1132 (g)(2).

15. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for delinquent contributions, liquidated damages, interest, and attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant ASC Insulation and Fireproofing, Inc.:

a. ordering the Company to submit and pay current benefit reports and contributions due and owing including interest and liquidated damages owed through the date of payment;

b. ordering the Company to submit its books and records to an audit for the period of November 1, 2015 forward and entering judgment in sum certain in Plaintiffs' favor and against

Defendants for the amounts due on audit including unpaid contributions, interest, liquidated damages, accumulated liquidated damages on late-paid reports, audit costs, and Plaintiffs' attorneys' fees and costs;

c. ordering the Company to obtain and maintain a surety bond in accordance with the terms of the Agreement; and

d. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

**COUNT II**

**(Failure To Pay Union Dues)**

For a cause of action against ASC Insulation, Fireproofing and Supplies, Inc.:

16. Plaintiffs reallege and incorporate herein paragraphs 1 through 15 of Count I.

17. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

18. Notwithstanding the obligations imposed by the Agreement, the Company has failed to submit and pay dues reports for the period of November 2015 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment jointly and severally against Defendant ASC Insulation, Fireproofing and Supplies, Inc.ordering the Company to submit and pay current dues reports and dues, to submit its books and records to an

audit upon demand for the period of November 1, 2015 forward and entering judgment in favor

of the Funds and against the Company for the Union dues and liquidated damages owed together

with all audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court

deems appropriate.

## COUNT III

### (Violation of Illinois Wage Payment and Collection Act)

For a cause of action against Defendants ASC Insulation, Fireproofing and Supplies, Inc.

and Sergio Castro:

19.     Plaintiffs reallege and incorporate herein paragraphs 1 through 15 of Count 1 and

paragraphs 17 to 18 of Count II.

20.     This Court has supplemental jurisdiction over this Count pursuant to 28 U.S.C. §

1367.

21.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

22.     Defendant Sergio Castro ("Castro") is and was at all times relevant and officer,

shareholder and director of the Company.

23.     During the period of November 1, 2015 forward, employees of the Company

performed work for the Company and earned wages.

24.     Employees of the Company performed work defined as covered under the terms

of the Agreement executed written assignments authorizing and directing the Defendant

Company to withhold monies from their wages for remittance to the Union in satisfaction of dues

and fee obligations.

25. During the period of November 2015 forward the Company has deducted dues from the wages of its employees pursuant to the wage deductions signed by the employees but failed to properly remit the payments to the Union.

26. Plaintiffs have demanded payment of the amounts due to the Union but the Company has failed to remit payment of those amounts.

27. Defendant Company's conduct violates the Illinois Wage and Payment Collection Act, 820 ILCS 115/1 et seq.

28. At all times material, Defendant Castro acted directly in the interest of Defendant Company in relation to its employees.

29. At all times material, Defendant Castro controlled the terms of employment of Defendant Company employees and exercised control over the payment of wages and the withholding of monies from the employees' wages.

30. At all times relevant, Defendant Castro controlled disbursements made by Defendant Company including the issuance of payroll checks and the remittance of dues to the Union.

31. Defendant Castro knowingly permitted Defendant Company to retain the wages withheld from such employees' paychecks rather than remitting said funds to the Union.

32. Defendant Castro knowingly and actively conducted or participated in the actions of Defendant Company alleged above causing injury to the Union. As such, Defendant Castro is an "employer" as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/13, and is personally liable for the failure to properly deduct monies from employees' wages and remit those monies to the Union for the payment of dues.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Plaintiffs and against Defendants Defendants ASC Insulation, Fireproofing and Supplies, Inc. and Sergio Castro entering judgment in favor of Plaintiffs and jointly and severally against Defendants for the amount of union dues owed, plus ten percent liquidated damages and the Funds' reasonable attorneys' fees and costs pursuant to 820 ILCS 115/13 and the Attorneys Fees in Wage Actions Act, 705 ILCS 225/1. Plaintiffs also request that this Court grant such other legal and equitable relief as this Court deems just and proper.

**COUNT IV**

**(Conversion)**

For a cause of action against Defendants ASC Insulation, Fireproofing and Supplies, Inc. and Sergio Castro:

33. Plaintiffs reallege and incorporate herein paragraphs 1 through 15 of Count 1, paragraphs 17 to 18 of Count II and paragraphs 20 to 32 of Count III.

34. Pursuant to the wage assignments executed by each of the Defendant Company's employees, the Union has a right to immediate possession of those monies on the tenth day of the month following the month in which the wages were earned and the deductions were made from employees' wages.

35. For the period of November 2015 forward, Defendants deducted and withheld monies from the wages of the Company's employees for union dues and appropriated that money for their own use and benefit thereby depriving the Union of its property. At that time, Defendants were without right to possession of those monies withheld from the employees' wages.

36. Through the actions enumerated above, Defendants have wrongfully converted the Union's property and should be justly required to pay the Union the full value of that property.

WHEREFORE, Plaintiffs request that this Court enter Judgment in favor of Plaintiffs and against Defendants ASC Insulation, Fireproofing and Supplies, Inc. and Sergio Castro, jointly and severally, for the amount of all monies wrongfully converted, and such other relief that is equitable and just.

**COUNT V**

**(Failure to Pay Benefit Contributions)**

For a cause of action against ASC Insulation, Fireproofing and Supplies, Inc.:

37. Plaintiffs reallege and incorporate herein paragraphs 1 through 15 of Count 1, paragraphs 17 to 18 of Count II, paragraphs 20 to 32 of Count III, and paragraphs 34 to 36 of Count IV.

38. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, ASC has:

(a) failed to report and pay $74,537.68 in contributions owed to Plaintiff Laborers' Pension Fund for the audit period of June 1, 2014 through October 31, 2015 (a true and accurate copy of the audit is attached hereto as Exhibit C), thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to report and pay $72,644.42 in contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the audit period of June 1, 2014 through October 31, 2015,

thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and pay $27,951.60 in contributions owed to Plaintiff Chicago Laborers' District Council Retiree Health and Welfare Fund for the audit period of June 1, 2014 through October 31, 2015, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and pay $3,639.50 in contributions owed to Laborers' Training Fund for the audit period of June 1, 2014 through October 31, 2015, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the Training Fund benefits of the participants and beneficiaries;

(d) failed to report and pay $1,574.68 in contributions owed to the LDCLMCC Fund for the audit period of June 1, 2014 through October 31, 2015, thereby depriving the LDCLMCC Fund of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(e) failed to report and pay $770.63 in contributions owed to LECET Fund for the audit period of June 1, 2014 through October 31, 2015, thereby depriving the LECET Fund of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

(f) failed to  report and pay $330.27 in contributions owed to MWCC Fund for the audit period of June 1, 2014 through October 31, 2015, thereby depriving the MWCC Fund of

contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

39.     Under the terms of the Agreements and the Funds' respective Agreements and Declarations of Trust, the Company owes ten percent liquidated damages (twenty percent liquidated damages on Pension, Welfare, Retiree Welfare, and Training contributions after June 1, 2007) plus interest on all late or unpaid contributions. Accordingly, ASC owes $14,907.54 in liquidated damages to the Pension Fund, $14,528.88 in liquidated damages to the Welfare Fund, 5,590.32 in liquidated damages to the Retiree Welfare Fund, $727.90 in liquidated damages to the Training Fund, $157.47 in liquidated damages to the LDCLMCC Fund, $77.06 in liquidated damages to the LECET Fund, and $33.03 in liquidated damages to the MWCC Fund, plus interest, on the audit for the period of June 1, 2014 through October 31, 2015.

40.     Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company is liable for the costs of any audit which reveals delinquencies. Accordingly, the Company owes $935.30 in audit costs to the Funds for the audit for the period of June 1, 2014 through October 31, 2015.

41.     The Company's actions in failing to submit payment of benefit contributions violates Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment in favor of the Funds against Defendant ASC Insulation, Fireproofing and Supplies, Inc.:

a.     for the amounts due on the audit for the period of June 1, 2014 through October 31, 2015 including contributions, interest, liquidated damages, audit costs, accumulated liquidated damages on late-paid reports, and attorneys' fees and expenses; and

b.       awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT VI

### (Failure To Pay Union Dues)

For a cause of action by Plaintiffs against Defendant ASC Insulation, Fireproofing and Supplies, Inc.:

42.       Plaintiffs reallege and incorporate herein paragraphs 1 through 15 of Count 1, paragraphs 17 to 18 of Count II, paragraphs 20 to 32 of Count III, and paragraphs 34 to 36 of Count IV, and paragraphs 38 to 41 of Count V.

43.       Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

44.       Notwithstanding the obligations imposed by the Agreement, the Company failed to withhold and/or to remit to the Union $15,135.20 in dues that where or should have been withheld from the pay of employees performing or subcontracting covered work under the terms of the Agreement for the audit period of June 1, 2014 through October 31, 2015, thereby depriving the Union of income and information.

45.       Pursuant to the Agreement, the Companies are liable to the Funds for the unpaid union dues, as well as $1,513.52 in liquidated damages, audit costs, accumulated liquidated damages on late-paid reports, reasonable attorneys' fees and costs as the Union's collection

agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Plaintiffs and against ASC Insulation, Fireproofing and Supplies, Inc.:

a.      for the dues and liquidated damages due and owing on the audit for the period of June 1, 2014 through October 31, 2015 including liquidated damages, accumulated liquidated damages on late-paid reports, Plaintiffs' audit costs and their reasonable attorneys' fees and costs; and

b.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.


September 21, 2016                              Laborers' Pension Fund, et al.


                                               By:   /s/ Patrick T. Wallace


Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

2058
MT

06/12/1996 15:03 7087411622 LOCAL582 LABORERS PAGE 01

(708)884-9770
Fax:(708)884-9979

ASC
Insulation & Fireproofing

Alfonso Castro
Pager:(708)501-7108

2100 Stonington Ave.
Hoffman Estates, Il 60195

HEADQUARTERS OF
[Constr]uction & General Laborers' [District] Council of Chicago and Vicinity

[illegible]

Joseph A. Lombardo, Jr.
Secretary-Treasurer

# MEMORANDUM OF JOINT WORKING AGREEMENT

Ernest Kumerow
President
& Business Manager

It is hereby stipulated and agreed by and between ASC Insulation + Fireproofing Inc. [illegible] CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL [illegible] Counties of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry, and Boone, [illegible]

1. [illegible]

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between [illegible]

3. [illegible]

[illegible]

4. [illegible]

5. [illegible]

6. The negotiated wage and fringe benefit contribution rates in the various collective bargaining agreements are as follows:

June 1, 1991 to May 31, 1992 — [illegible] per hour Wages; [illegible] per hour Health and Welfare Fund; [illegible] per hour Pension Fund; [illegible] per hour Training Fund; [illegible] per hour [illegible]; [illegible] per hour [illegible] Safety Council [illegible]; Dues Deductions [illegible]

June 1, 1992 to May 31, 1993 — [illegible] per hour increase [illegible] Wages, Welfare, Pension, and Training Funds [illegible]

June 1, 1993 to May 31, 1994 — [illegible] per hour increase [illegible] Welfare, Pension, and Training Funds [illegible]

June 1, 1994 to May 31, 1995 — [illegible] per hour increase [illegible] Welfare, Pension, and Training Funds [illegible]

[illegible]

7. [illegible]

8. [illegible]

9. [illegible]

10. [illegible]

Dated at Elgin this 5th day of July, 94

ACCEPTED:

Laborers' Local Union No. 582

By John Scheff [illegible]

CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

By Ernest Kumerow

By Joseph A. Lombardo, Jr.

ASC Insulation + Fireproofing Inc.

By Alfonso Castro President

2100 Stonington Ave.

Hoffman Estates, IL 60195

LOCAL UNION

EXHIBIT
A



HEADQUARTERS OF

**Construction & General Laborers' District Council of Chicago and Vicinity**

Affiliated with the Laborers International Union of North America, A.F. of L. - C.I.O. -
6121 WEST DIVERSEY AVENUE - CHICAGO, ILLINOIS 60639 - PHONE: 773-237-7537 - FAX: 773-237-3417

LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092

20158

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between ______________________, herein called the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092 and encompassing the geographical areas of the counties of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone, in the State of Illinois, together with any other locals which may come within the jurisdiction of the UNION, that:

1. EMPLOYER, in response to the UNION'S claim that it represents an uncoerced majority of each EMPLOYERS' laborer employees, acknowledges and agrees that there is no good faith doubt that the UNION has been authorized to and in fact does represent such majority of laborer employees. Therefore, the UNION is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work and other terms and conditions of employment in accordance with Section 9 of the National Labor Relations Act without the need for a Board certified election.

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Illinois Road Builders Association, the Underground Contractors Association, the Mason Contractors Association of Greater Chicago, the Concrete Contractors Association of Greater Chicago, G.D.C.N.I./C.A.W.C.C., the Lake County Contractors Association, the Contractors Association of Will and Grundy Counties, the Fox Valley General Contractors Association, the Chicago Demolition Contractors' Association, the Illinois Environmental Contractors Association, and all other Associations with whom the District Council or any of its affiliated local unions has a duly negotiated agreement, and re-establishes all agreements from June 1, 1976 together with all amendments thereto. Where no current Association agreement is negotiated, the terms of the most recent expired agreement are incorporated herein with all terms, conditions and dates extended for the duration hereof, until a current agreement exists that shall be incorporated retroactively herein. It is further agreed that where a contractor works in the jurisdiction of any local UNION, then the Association agreement covering the local UNION is herein specifically incorporated in this agreement and shall supersede the standard District Council agreements in the case of any conflict between the District Council agreement and the local Association agreement. Nothing herein shall limit the jurisdiction of this Agreement to less than that provided in this Agreement.

3. The EMPLOYER agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, the LABORERS' PENSION FUND, the CONSTRUCTION AND GENERAL LABORER'S DISTRICT COUNCIL OF CHICAGO AND VICINITY TRAINING TRUST FUND, the CHICAGO AREA LABORERS-EMPLOYERS COOPERATION EDUCATION TRUST ("LECET"), and to all other designated Union-affiliated benefit funds, and to become bound by and be considered a party to the Agreements and Declarations of Trust creating said Trust Funds as if it had signed the original copies of the Trust Instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees, designated in the manner provided in said Agreements and Declaration of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust Instruments.

The EMPLOYER further affirms and re-establishes that all prior contributions paid to the Welfare, Pension, Training and LECET Funds were made by duly authorized agents of the EMPLOYER at all proper rates, for the appropriate periods of time, and that by making said prior contributions the EMPLOYER evidences the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

4. Employees covered by this Working Agreement shall retain all the work traditionally performed by members of the UNION. The EMPLOYER agrees that it will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER, whether acting as a contractor, general manager or developer, who contracts out or sublets any of the work coming within the jurisdiction of the UNION, shall assume the obligations of any such subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER'S violation of any provision of this paragraph will give the UNION the right to take any other lawful action, including all remedies at law or equity

5. In the event of any change in the ownership, management or operation of the EMPLOYER'S business by sale or otherwise, it is agreed that as a condition of such transfer or change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise. The EMPLOYER shall provide ten (10) days prior notice to the Union of the sale or transfer.

6. The negotiated wage and fringe benefit contribution rates in the various Collective Bargaining Agreements are as follows:

| Period | Rates |
|---|---|
| June 1, 1998 to May 31, 1999 | $23.35 Per Hour Wages<br>$ 3.27 Per Hour Health and Welfare Fund<br>$ 2.05 Per Hour Pension Fund<br>$ .10 Per Hour Training Fund (plus additional amounts in Association agreement)<br>$ .02 Per Hour MCIAF (if applicable in Association agreement)<br>$ .02 Per Hour LECET (to be deducted from MCIAF if LECET contribution is not provided in Association agreement)<br>$ .01 Per Hour Chicagoland Safety Council (if applicable)<br>In addition, the Employer shall pay other amounts if provided in appropriate Association agreements for Industry funds. |
| June 1, 1999 to May 31, 2000 | $ 1.25 Per Hour increase for the year June 1, 1999 through May 31, 2000 to be allocated between wages and fringe benefits by the Union in its sole discretion. Welfare, Pension, Training and LECET funds contributions to remain the same unless additional sums are allocated. |
| June 1, 2000 to May 31, 2001 | $ 1.36 Per Hour increase for the year June 1, 2000 through May 31, 2001, to be allocated between wages and fringe benefits by the Union in its sole discretion. Welfare, Pension, Training and LECET funds contributions remain the same unless additional sums are allocated. |

All additional wage rates, dues checkoff, and fringe benefits that are negotiated or become effective after May 31, 2001, shall be incorporated in this Memorandum of Agreement.

7. Effective June 1, 1998, all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by the said contract, uniform working dues in the amount of 1.5% of gross wages, or as determined by the UNION, and shall remit monthly to the UNION office designated to the EMPLOYER by the District Council the sums so deducted, together with an accurate list of employees from whom wages and dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended and such deductions be made only pursuant to written agreements from each employee on whose account such deductions are made, which assignment shall not be irrevocable for a period of more than one year or beyond the termination date of the Memorandum of Agreement, whichever occurs sooner.

9. This Agreement shall remain in full force and effect through May 31, 2001 (unless an applicable Association agreement is of longer duration) and shall continue thereafter unless there has been given written notice, by registered or certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the EMPLOYER and the UNION agree to be bound by the new area-wide negotiated contracts with the various Associations incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated contracts.

10. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete Joint Working Agreement. Upon request of the UNION, the EMPLOYER shall execute another agreement that reflects the final contract settlements incorporated herein.

Dated 08/05 (month/day), 98 (year)

ACCEPTED:
Laborers' Local Union No. 582

By: ______________

CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: [signature]
Robert E. Bloch, Trustee

For Office Use Only: ______________

ASC Insulation & Fireproofing, Inc.
(Employer)

By: ALFONSO CASTRO, PRESIDENT
(Print Name and Title)

[signature]
(Signature)

2100 Stonington Ave
(Address)

Hoffman Estates, IL
(City, State and Zip Code)

847-884-9770
(Telephone)

TRUST FUND

EXHIBIT B

ASC INSULATION & FIREPROOFING
CHLAB-1115-03700
Acct # 20158
June 1, 2014 through October 31, 2015
WITHOUT SOCIAL SECURITY NUMBERS



# Calibre CPA Group, PLLC

Reconciliation of Differences Per Year

Chicago Laborers
ASC Insulation & Fireproofing
Case: CHLAB-1115-03700
Audit Period: 6/1/2014 - 10/31/2015
Fiscal Year End: May

Manager: Leia Betar
Auditor: Sarah Paganini

**CUMULATIVE**

| Findings | Fiscal Year Ending: | May 2016 | May 2015 | Total |
|---|---|---|---|---|
| Dollars Not Reported | | 203,506.80 | 229,971.00 | 433,477.80 |
| Hours Not Reported (Funds) | | 1,457.00 | 5,822.00 | 7,279.00 |
| Hours Not Reported (Dues) | | 5,072.00 | 5,913.00 | 10,985.00 |
| **Dollar Amount Due** | | | | |
| Welfare Fund | | 14,540.86 | 58,103.56 | 72,644.42 |
| Retiree Welfare Prefunding | | 5,828.00 | 22,123.60 | 27,951.60 |
| Pension Fund | | 15,619.04 | 58,918.64 | 74,537.68 |
| Training Fund | | 728.50 | 2,911.00 | 3,639.50 |
| MWCC | | 152.16 | 177.39 | 329.55 |
| LDCLMCC | | 862.24 | 709.56 | 1,571.80 |
| LECET | | 355.04 | 413.91 | 768.95 |
| Dues | | 7,631.51 | 7,474.05 | 15,105.56 |
| | **Total** | **45,717.35** | **150,831.71** | **196,549.06** |
| | | | Liquidated Damages | 5,762.51 |
| | | | Dues Penalties | 579.36 |
| | | | Dues Shortages | 34.82 |
| | | | Audit Fee | 935.30 |
| | | | **Total Amount Due** | 203,861.05 |

## Calibre CPA Group, PLLC

Reconciliation of Differences Per Year

Chicago Laborers
ASC Insulation & Fireproofing
Case: CHLAB-1115-03700
Audit Period: 6/1/2014 - 10/31/2015
Fiscal Year End: May

Manager: Leia Betar
Auditor: Sarah Paganini

### ALL FUNDS

| Findings | Fiscal Year Ending: | May 2016 | May 2015 | Total |
|---|---|---|---|---|
| Dollars Not Reported | | 33,908.00 | 101,808.00 | 135,716.00 |
| Hours Not Reported (Funds) | | 842.00 | 2,654.00 | 3,496.00 |
| Hours Not Reported (Dues) | | 842.00 | 2,654.00 | 3,496.00 |
| Dollar Amount Due | | | | |
| Welfare Fund | | 8,403.16 | 26,486.92 | 34,890.08 |
| Retiree Welfare Prefunding | | 3,368.00 | 10,085.20 | 13,453.20 |
| Pension Fund | | 9,026.24 | 26,858.48 | 35,884.72 |
| Training Fund | | 421.00 | 1,327.00 | 1,748.00 |
| MWCC | | 25.26 | 79.62 | 104.88 |
| LDCLMCC | | 143.14 | 318.48 | 461.62 |
| LECET | | 58.94 | 185.78 | 244.72 |
| Dues | | 1,271.55 | 3,308.76 | 4,580.31 |
| | Total | 22,717.29 | 68,650.24 | 91,367.53 |

**Total Amount Due** 91,367.53

Local: Chicago Laborers
Contractor: ASC Insulation & Fireproofing
Case: CHLAB-1115-03700

# Calibre CPA Group, PLLC

Details Report

Contract: MWCC

Source: Hours Worked

| Employee Findings | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HILLOCK, JAMES | xxx-xx-xxxx | | | | 24.00 | | | | | | | | | 24.00 |
| MARTINEZ, ALAN | xxx-xx-xxxx | | | | | | | | | | | | 172.00 | 172.00 |
| MEDINA, DOMINGO | xxx-xx-xxxx | | | | | | | | | 160.00 | | | | 160.00 |
| MEJIA, SALVADOR | xxx-xx-xxxx | | | | | | | | | | 86.00 | | | 86.00 |
| PEREZ, EDUARDO | xxx-xx-xxxx | 180.00 | 134.00 | 186.00 | 152.00 | 172.00 | 192.00 | 136.00 | 124.00 | 104.00 | 136.00 | | | 1516.00 |
| PINEDA, FERNANDO | xxx-xx-xxxx | | | | | | | | | | 184.00 | 152.00 | 176.00 | 512.00 |
| RAMOS, DOMINGO | xxx-xx-xxxx | | | | | | | | | | | | 184.00 | 184.00 |
| Total | | 180.00 | 134.00 | 186.00 | 176.00 | 172.00 | 192.00 | 136.00 | 124.00 | 264.00 | 406.00 | 152.00 | 532.00 | 2654.00 |

| Rate Table | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 9.9800 | 1796.40 | 1337.32 | 1856.28 | 1756.48 | 1716.56 | 1916.16 | 1357.28 | 1237.52 | 2634.72 | 4051.88 | 1516.96 | 5309.36 | 26486.92 |
| Retiree Welfare Prefunding | 3.8000 | 684.00 | 509.20 | 706.80 | 668.80 | 653.60 | 729.60 | 516.80 | 471.20 | 1003.20 | 1542.80 | 577.60 | 2021.60 | 10085.20 |
| Pension Fund | 10.1200 | 1821.60 | 1356.08 | 1882.32 | 1781.12 | 1740.64 | 1943.04 | 1376.32 | 1254.88 | 2671.68 | 4108.72 | 1538.24 | 5383.84 | 25858.48 |
| Training Fund | 0.5000 | 90.00 | 67.00 | 93.00 | 88.00 | 86.00 | 96.00 | 68.00 | 62.00 | 132.00 | 203.00 | 76.00 | 266.00 | 1327.00 |
| MWCC | 0.0300 | 5.40 | 4.02 | 5.58 | 5.28 | 5.16 | 5.76 | 4.08 | 3.72 | 7.92 | 12.18 | 4.56 | 15.96 | 79.62 |
| LDCLMCC | 0.1200 | 21.60 | 16.08 | 22.32 | 21.12 | 20.64 | 23.04 | 16.32 | 14.88 | 31.68 | 48.72 | 18.24 | 63.84 | 318.48 |
| LECET | 0.0700 | 12.60 | 9.38 | 13.02 | 12.32 | 12.04 | 13.44 | 9.52 | 8.68 | 18.48 | 28.42 | 10.64 | 37.24 | 185.78 |
| Total | | 4431.60 | 3299.08 | 4579.32 | 4333.12 | 4234.64 | 4727.04 | 3348.32 | 3052.88 | 6499.68 | 9995.72 | 3742.24 | 13097.84 | 65341.48 |

Source: Wages Paid

| Employee Findings | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HILLOCK, JAMES | xxx-xx-xxxx | | | | 912.00 | | | | | | | | | 912.00 |
| MARTINEZ, ALAN | xxx-xx-xxxx | | | | | | | | | | | | 6536.00 | 6536.00 |
| MEDINA, DOMINGO | xxx-xx-xxxx | | | | | | | | | 6080.00 | | | | 6080.00 |
| MEJIA, SALVADOR | xxx-xx-xxxx | | | | | | | | | | 3268.00 | | | 3268.00 |
| PEREZ, EDUARDO | xxx-xx-xxxx | 6808.00 | 5092.00 | 7068.00 | 5928.00 | 6764.00 | 7600.00 | 5320.00 | 4712.00 | 3952.00 | 5168.00 | | | 58412.00 |
| PINEDA, FERNANDO | xxx-xx-xxxx | | | | | | | | | | 7144.00 | 5776.00 | 6688.00 | 19608.00 |
| RAMOS, DOMINGO | xxx-xx-xxxx | | | | | | | | | | | | 6992.00 | 6992.00 |
| Total | | 6808.00 | 5092.00 | 7068.00 | 6840.00 | 6764.00 | 7600.00 | 5320.00 | 4712.00 | 10032.00 | 15580.00 | 5776.00 | 20216.00 | 101808.00 |

| Rate Table | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0325 | 221.26 | 165.49 | 229.71 | 222.30 | 219.83 | 247.00 | 172.90 | 153.14 | 326.04 | 506.35 | 187.72 | 657.02 | 3308.76 |
| Total | | 221.26 | 165.49 | 229.71 | 222.30 | 219.83 | 247.00 | 172.90 | 153.14 | 326.04 | 506.35 | 187.72 | 657.02 | 3308.76 |

Local: Chicago Laborers
Contractor: ASC Insulation & Fireproofing
Case: CHLAB-1115-03700
Contract: MWCC

# Calibre CPA Group, PLLC

Details Report

Source: Hours Worked

| Employee Findings | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ESCUTIA, ENRIQUE | xxx-xx-xxxx | | | 200.00 | | | | | | | | | | 200.00 |
| MARTINEZ, ALAN | xxx-xx-xxxx | 152.00 | 152.00 | | | | | | | | | | | 304.00 |
| RAMOS, DOMINGO | xxx-xx-xxxx | 148.00 | | | | | | | | | | | | 148.00 |
| VILLAFUERTE, JOSE | xxx-xx-xxxx | 190.00 | | | | | | | | | | | | 190.00 |
| **Total** | | 490.00 | 152.00 | 200.00 | | | | | | | | | | 842.00 |
| **Rate Table** | | | | | | | | | | | | | | |
| Welfare Fund | 9.9800 | 4890.20 | 1516.96 | 1996.00 | | | | | | | | | | 8403.16 |
| Retiree Welfare Prefunding | 4.0000 | 1960.00 | 608.00 | 800.00 | | | | | | | | | | 3368.00 |
| Pension Fund | 10.7200 | 5252.80 | 1629.44 | 2144.00 | | | | | | | | | | 9026.24 |
| Training Fund | 0.5000 | 245.00 | 76.00 | 100.00 | | | | | | | | | | 421.00 |
| MWCC | 0.0300 | 14.70 | 4.56 | 6.00 | | | | | | | | | | 25.26 |
| LDCLMCC | 0.1700 | 83.30 | 25.84 | 34.00 | | | | | | | | | | 143.14 |
| LECET | 0.0700 | 34.30 | 10.64 | 14.00 | | | | | | | | | | 58.94 |
| **Total** | | 12480.30 | 3871.44 | 5094.00 | | | | | | | | | | 21445.74 |

Source: Wages Paid

| Employee Findings | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ESCUTIA, ENRIQUE | xxx-xx-xxxx | | | 7840.00 | | | | | | | | | | 7840.00 |
| MARTINEZ, ALAN | xxx-xx-xxxx | 6272.00 | 5958.40 | | | | | | | | | | | 12230.40 |
| RAMOS, DOMINGO | xxx-xx-xxxx | 5801.60 | | | | | | | | | | | | 5801.60 |
| VILLAFUERTE, JOSE | xxx-xx-xxxx | 8036.00 | | | | | | | | | | | | 8036.00 |
| **Total** | | 20109.60 | 5958.40 | 7840.00 | | | | | | | | | | 33908.00 |
| **Rate Table** | | | | | | | | | | | | | | |
| Dues | 0.0375 | 754.11 | 223.44 | 294.00 | | | | | | | | | | 1271.55 |
| **Total** | | 754.11 | 223.44 | 294.00 | | | | | | | | | | 1271.55 |

# Calibre CPA Group, PLLC

Reconciliation of Differences Per Year

Chicago Laborers
ASC Insulation & Fireproofing
Case: CHLAB-1115-03700
Audit Period: 6/1/2014 - 10/31/2015
Fiscal Year End: May

Manager: Leia Betar
Auditor: Sarah Paganini

**FUNDS ONLY**

| Findings | Fiscal Year Ending: | May 2016 | May 2015 | Total |
|---|---|---|---|---|
| Hours Not Reported (Funds) | | 615.00 | 3,168.00 | 3,783.00 |
| Dollar Amount Due | | | | |
| Welfare Fund | | 6,137.70 | 31,616.64 | 37,754.34 |
| Retiree Welfare Prefunding | | 2,460.00 | 12,038.40 | 14,498.40 |
| Pension Fund | | 6,592.80 | 32,060.16 | 38,652.96 |
| Training Fund | | 307.50 | 1,584.00 | 1,891.50 |
| | **Total** | 15,498.00 | 77,299.20 | 92,797.20 |

**Total Amount Due** 92,797.20

Case: 1:16-cv-09109 Document #: 1 Filed: 09/21/16 Page 24 of 32 PageID #:24

Local: Chicago Laborers
Contractor: ASC Insulation & Fireproofing
Case: CHLAB-1115-03700

# Calibre CPA Group, PLLC

Details Report

Contract: MWCC - Funds Only

Source: Hours Worked

| Employee Findings | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ESCUTIA, ENRIQUE | xxx-xx-xxxx | | | | | | | | | | | | 94.00 | 94.00 |
| MARTINEZ, ALAN | xxx-xx-xxxx | 90.00 | | 10.00 | | | 80.00 | 128.00 | 112.00 | | 14.00 | | | 434.00 |
| MEDINA, DOMINGO | xxx-xx-xxxx | 94.00 | | 40.00 | | | 82.00 | 170.00 | 129.00 | | | | | 515.00 |
| MEJIA, SALVADOR | xxx-xx-xxxx | 74.00 | | 40.00 | | | 56.00 | 128.00 | 80.00 | 126.00 | | | | 504.00 |
| PEREZ, EDUARDO | xxx-xx-xxxx | | | | | | | | | | | | 32.00 | 32.00 |
| PETERSON, RYAN | xxx-xx-xxxx | | | | | | | | | | | | 14.00 | 14.00 |
| PINEDA, FERNANDO | xxx-xx-xxxx | | | | | 126.00 | 164.00 | 152.00 | 132.00 | 128.00 | | | | 702.00 |
| ROSSA, ROBERT | xxx-xx-xxxx | | | | 68.00 | | | | | | | | | 68.00 |
| VILLAFUERTE, JOSE | xxx-xx-xxxx | 196.00 | | 200.00 | 165.00 | | 60.00 | | 24.00 | 36.00 | | | 124.00 | 805.00 |
| **Total** | | 454.00 | | 290.00 | 233.00 | 126.00 | 442.00 | 578.00 | 477.00 | 290.00 | 14.00 | | 264.00 | 3168.00 |

| Rate Table | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 9.9800 | 4530.92 | | 2894.20 | 2325.34 | 1257.48 | 4411.16 | 5768.44 | 4760.46 | 2894.20 | 139.72 | | 2634.72 | 31616.64 |
| Retiree Welfare Prefunding | 3.8000 | 1725.20 | | 1102.00 | 885.40 | 478.80 | 1679.60 | 2196.40 | 1812.60 | 1102.00 | 53.20 | | 1003.20 | 12038.40 |
| Pension Fund | 10.1200 | 4594.48 | | 2934.80 | 2357.96 | 1275.12 | 4473.04 | 5849.36 | 4827.24 | 2934.80 | 141.68 | | 2671.68 | 32060.16 |
| Training Fund | 0.5000 | 227.00 | | 145.00 | 116.50 | 63.00 | 221.00 | 289.00 | 238.50 | 145.00 | 7.00 | | 132.00 | 1584.00 |
| **Total** | | 11077.60 | | 7076.00 | 5685.20 | 3074.40 | 10784.80 | 14103.20 | 11638.80 | 7076.00 | 341.60 | | 6441.60 | 77299.20 |

Local: Chicago Laborers
Contractor: ASC Insulation & Fireproofing
Case: CHLAB-1115-03700

# Calibre CPA Group, PLLC

Details Report

Contract: MWCC - Funds Only

Source: Hours Worked

| Employee Findings | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ESCUTIA, ENRIQUE | xxx-xx-xxxx | | 55.00 | | | | | | | | | | | 55.00 |
| MEDINA, DOMINGO | xxx-xx-xxxx | | | 116.00 | | | | | | | | | | 116.00 |
| PEREZ, EDUARDO | xxx-xx-xxxx | 8.00 | | 80.00 | | | | | | | | | | 88.00 |
| PETERSON, RYAN | xxx-xx-xxxx | 14.00 | | 82.00 | | | | | | | | | | 96.00 |
| PINEDA, FERNANDO | xxx-xx-xxxx | 32.00 | 40.00 | 108.00 | | | | | | | | | | 180.00 |
| RAMOS, DOMINGO | xxx-xx-xxxx | | 18.00 | | | | | | | | | | | 18.00 |
| VILLAFUERTE, JOSE | xxx-xx-xxxx | | | 62.00 | | | | | | | | | | 62.00 |
| Total | | 54.00 | 113.00 | 448.00 | | | | | | | | | | 615.00 |

**Rate Table**

| | Rate | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 9.9600 | 538.92 | 1127.74 | 4471.04 | | | | | | | | | | 6137.70 |
| Retiree Welfare Prefunding | 4.0000 | 216.00 | 452.00 | 1792.00 | | | | | | | | | | 2460.00 |
| Pension Fund | 10.7200 | 578.88 | 1211.36 | 4802.56 | | | | | | | | | | 6592.80 |
| Training Fund | 0.5000 | 27.00 | 56.50 | 224.00 | | | | | | | | | | 307.50 |
| **Total** | | 1360.80 | 2847.60 | 11289.60 | | | | | | | | | | 15498.00 |

# Calibre CPA Group, PLLC

Reconciliation of Differences Per Year

Chicago Laborers
ASC Insulation & Fireproofing
Case: CHLAB-1115-03700
Audit Period: 6/1/2014 - 10/31/2015
Fiscal Year End: May

Manager: Leia Betar
Auditor: Sarah Paganini

**DUES FUNDS ONLY**

| Findings | Fiscal Year Ending: | May 2016 | May 2015 | Total |
|---|---|---|---|---|
| Dollars Not Reported | | 169,598.80 | 128,163.00 | 297,761.80 |
| Hours Not Reported (Dues) | | 4,230.00 | 3,259.00 | 7,489.00 |
| Dollar Amount Due | | | | |
| MWCC | | 126.90 | 97.77 | 224.67 |
| LDCLMCC | | 719.10 | 391.08 | 1,110.18 |
| LECET | | 296.10 | 228.13 | 524.23 |
| Dues | | 6,359.96 | 4,165.29 | 10,525.25 |
| | **Total** | 7,502.06 | 4,882.27 | 12,384.33 |

**Total Amount Due** 12,384.33

Local: Chicago Laborers
Contractor: ASC Insulation & Fireproofing
Case: CHLAB-1115-03700

# Calibre CPA Group, PLLC

Details Report

Contract: MWCC - Dues Only

Source: Hours Worked

| Employee Findings | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ESCUTIA, ENRIQUE | xxx-xx-xxxx | | | | | | | | | | 48.00 | 160.00 | 154.00 | 362.00 |
| MARTINEZ, ALAN | xxx-xx-xxxx | 200.00 | 140.00 | 122.00 | 40.00 | 52.00 | | 80.00 | 24.00 | | 206.00 | 120.00 | | 984.00 |
| MEDINA, DOMINGO | xxx-xx-xxxx | 8.00 | | 16.00 | 24.00 | | 76.00 | | 37.00 | | | | | 161.00 |
| MEJIA, SALVADOR | xxx-xx-xxxx | 72.00 | | | | | 16.00 | 16.00 | 16.00 | 102.00 | | | | 222.00 |
| PEREZ, EDUARDO | xxx-xx-xxxx | | | | | | | | | | | 164.00 | 180.00 | 344.00 |
| PETERSON, RYAN | xxx-xx-xxxx | | | | | | | | | | | 112.00 | 122.00 | 234.00 |
| PINEDA, FERNANDO | xxx-xx-xxxx | | | | | | | | 16.00 | 24.00 | | | | 40.00 |
| RAMOS, DOMINGO | xxx-xx-xxxx | | | | | | | | | | 168.00 | 168.00 | | 336.00 |
| VILLAFUERTE, JOSE | xxx-xx-xxxx | 120.00 | | | | | | | | | 96.00 | 168.00 | 192.00 | 576.00 |
| **Total** | | 400.00 | 140.00 | 138.00 | 64.00 | 52.00 | 92.00 | 96.00 | 93.00 | 126.00 | 518.00 | 392.00 | 648.00 | 3259.00 |

| Rate Table | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MWCC | 0.0300 | 12.00 | 4.20 | 4.14 | 1.92 | 1.56 | 2.76 | 2.88 | 2.79 | 3.78 | 15.54 | 26.76 | 19.44 | 97.77 |
| LDCLMCC | 0.1200 | 48.00 | 16.80 | 16.56 | 7.68 | 6.24 | 11.04 | 11.52 | 11.16 | 15.12 | 62.16 | 107.04 | 77.76 | 391.08 |
| LECET | 0.0700 | 28.00 | 9.80 | 9.66 | 4.48 | 3.64 | 6.44 | 6.72 | 6.51 | 8.82 | 36.26 | 62.44 | 45.36 | 228.13 |
| **Total** | | 88.00 | 30.80 | 30.36 | 14.08 | 11.44 | 20.24 | 21.12 | 20.46 | 27.72 | 113.96 | 196.24 | 142.56 | 716.98 |

Source: Wages Paid

| Employee Findings | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ESCUTIA, ENRIQUE | xxx-xx-xxxx | | | | | | | | | | 1824.00 | 6080.00 | 5852.00 | 13756.00 |
| MARTINEZ, ALAN | xxx-xx-xxxx | 7560.00 | 5396.00 | 4788.00 | 1520.00 | 2052.00 | | 3192.00 | 912.00 | | 8132.00 | 4560.00 | | 38112.00 |
| MEDINA, DOMINGO | xxx-xx-xxxx | 272.00 | | 912.00 | 912.00 | 551.00 | 3306.00 | 152.00 | 1501.00 | | | | | 7606.00 |
| MEJIA, SALVADOR | xxx-xx-xxxx | 2704.00 | | 152.00 | | | 608.00 | 608.00 | 608.00 | 3876.00 | | | | 8556.00 |
| PEREZ, EDUARDO | xxx-xx-xxxx | | | | | | | | | | | 6308.00 | 6840.00 | 13148.00 |
| PETERSON, RYAN | xxx-xx-xxxx | | | | | | | | | | | 4256.00 | 4636.00 | 8892.00 |
| PINEDA, FERNANDO | xxx-xx-xxxx | | | | | 114.00 | | 152.00 | 608.00 | 1064.00 | | | | 1938.00 |
| RAMOS, DOMINGO | xxx-xx-xxxx | | | | | | | | | | 6688.00 | 6536.00 | | 13224.00 |
| VILLAFUERTE, JOSE | xxx-xx-xxxx | 4520.00 | | | 152.00 | 171.00 | 152.00 | | 152.00 | | 3800.00 | 6536.00 | 7448.00 | 22931.00 |
| **Total** | | 15056.00 | 5396.00 | 5852.00 | 2584.00 | 2888.00 | 4066.00 | 4104.00 | 3781.00 | 4940.00 | 20444.00 | 34276.00 | 24776.00 | 128163.00 |

| Rate Table | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0325 | 489.32 | 175.37 | 190.19 | 83.98 | 93.86 | 132.14 | 133.38 | 122.88 | 160.55 | 664.43 | 1113.97 | 805.22 | 4165.29 |
| **Total** | | 489.32 | 175.37 | 190.19 | 83.98 | 93.86 | 132.14 | 133.38 | 122.88 | 160.55 | 664.43 | 1113.97 | 805.22 | 4165.29 |

Local: Chicago Laborers
Contractor: ASC Insulation & Fireproofing
Case: CHLAB-1115-03700

## Calibre CPA Group, PLLC

Details Report

Contract: MWCC - Dues Only

### Source: Hours Worked

| Employee Findings | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ESCUTIA, ENRIQUE | xxx-xx-xxxx | 86.00 | 191.00 | | 94.00 | | | | | | | | | 371.00 |
| MARTINEZ, ALAN | xxx-xx-xxxx | | | 192.00 | 80.00 | 113.00 | | | | | | | | 385.00 |
| MEDINA, DOMINGO | xxx-xx-xxxx | | | 216.00 | 128.00 | | | | | | | | | 344.00 |
| PEREZ, EDUARDO | xxx-xx-xxxx | 128.00 | 142.00 | 200.00 | 126.00 | 152.00 | | | | | | | | 748.00 |
| PETERSON, RYAN | xxx-xx-xxxx | 134.00 | 136.00 | 182.00 | 106.00 | 164.00 | | | | | | | | 722.00 |
| PINEDA, FERNANDO | xxx-xx-xxxx | 160.00 | 176.00 | 208.00 | 86.00 | 198.00 | | | | | | | | 828.00 |
| RAMOS, DOMINGO | xxx-xx-xxxx | | 160.00 | | | 126.00 | | | | | | | | 286.00 |
| VILLAFUERTE, JOSE | xxx-xx-xxxx | | 136.00 | 182.00 | 76.00 | 152.00 | | | | | | | | 546.00 |
| **Total** | | 508.00 | 941.00 | 1180.00 | 696.00 | 905.00 | | | | | | | | 4230.00 |

| Rate Table | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MWCC | 0.0300 | 15.24 | 28.23 | 35.40 | 20.88 | 27.15 | | | | | | | | 126.90 |
| LDCLMCC | 0.1700 | 86.36 | 159.97 | 200.60 | 118.32 | 153.85 | | | | | | | | 719.10 |
| LECET | 0.0700 | 35.56 | 65.87 | 82.60 | 48.72 | 63.35 | | | | | | | | 296.10 |
| **Total** | | 137.16 | 254.07 | 318.60 | 187.92 | 244.35 | | | | | | | | 1142.10 |

### Source: Wages Paid

| Employee Findings | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ESCUTIA, ENRIQUE | xxx-xx-xxxx | 3684.80 | 8251.60 | | 3684.80 | | | | | | | | | 15621.20 |
| MARTINEZ, ALAN | xxx-xx-xxxx | | | 7840.00 | 3136.00 | 4429.60 | | | | | | | | 15405.60 |
| MEDINA, DOMINGO | xxx-xx-xxxx | | | 8780.80 | 5017.60 | | | | | | | | | 13798.40 |
| PEREZ, EDUARDO | xxx-xx-xxxx | 5017.60 | 5605.60 | 7840.00 | 4939.20 | 5958.40 | | | | | | | | 29360.80 |
| PETERSON, RYAN | xxx-xx-xxxx | 5252.80 | 5331.20 | 7134.40 | 4155.20 | 6781.60 | | | | | | | | 28655.20 |
| PINEDA, FERNANDO | xxx-xx-xxxx | 6585.60 | 7212.80 | 8310.40 | 3371.20 | 8506.40 | | | | | | | | 33986.40 |
| RAMOS, DOMINGO | xxx-xx-xxxx | | 6428.80 | | | 4939.20 | | | | | | | | 11368.00 |
| VILLAFUERTE, JOSE | xxx-xx-xxxx | | 5331.20 | 7134.40 | 2979.20 | 5958.40 | | | | | | | | 21403.20 |
| **Total** | | 20540.80 | 38161.20 | 47040.00 | 27283.20 | 36573.60 | | | | | | | | 169598.80 |

| Rate Table | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0375 | 770.28 | 1431.05 | 1764.00 | 1023.12 | 1371.51 | | | | | | | | 6359.96 |
| **Total** | | 770.28 | 1431.05 | 1764.00 | 1023.12 | 1371.51 | | | | | | | | 6359.96 |

**Calibre CPA Group, PLLC**
**Payroll Audit Information Sheet**

I, Loundes Castro, Treasurer, declare and state as follows: I am an (Officer) and Shareholder of ASC Insulation & Fireproofing, Inc. (hereinafter, the "Company") and I am duly authorized to make the representations and Enter into the agreements set forth herein on behalf of the Company.

| | | | |
|---|---|---|---|
| Employer's Name | ASC Insulation & Fireproofing Inc. | Employer # | C-20158 / FV-1217 |
| Address | 607 Church Rd | Phone # | 847-695-6570 |
| City, State, ZIP | Elgin, IL 60123 | Fax # | 847-695-1315 |
| Email address | LCastro@ascfireproofing.com | FEIN | |
| Contact's name | Loundes Castro | Title | Treasurer |
| Person fund is to contact | Loundes Castro | Title | Treasurer |
| Entity Type | S-Corp | # EE last month | 16 |
| Business Activity | Spray Applied Fireproofing | # Lab last month | C-6 / FV-3 |

| OWNERSHIP-PRINCIPALS | TITLE | % | ADDRESS |
|---|---|---|---|
| Sergio Castro | President | | 607 Church Rd, Elgin IL 60123 |
| Loundes Castro | Treasurer | | 607 Church Rd, Elgin IL 60123 |
| | | | |

BANKING FACILITIES USED AND ACCOUNT NUMBER Elgin State Bank

DOES EMPLOYER HAVE A BOND? ☒ YES $ ______ *(Please attach copy)* ☐ NO
BONDCOMPANY NAME & PHONE #

IS EMPLOYER STILL IN BUSINESS? ☒ YES ☐ NO

Do any of the Company's shareholders or officers have a shareholder or officer position in another company or entity? ☐ YES ☒ NO
IF YES, LIST NAMES OF SAME

Has the Company employed any subcontractors owned or operated by any Officer, Shareholder, or family members of the Company's Officers and/or Shareholders? ☐ YES ☒ NO
IF YES, LIST NAMES OF SAME

Has the Company subcontracted work covered by the Laborers' collective bargaining agreement to any subcontractors that are not signatory with the Chicago Labor Union? ☐ YES ☒ NO
IF YES, LIST NAMES OF SAME

Is employer a member of any trade organization or association? ☒ YES ☐ NO
IF YES, LIST NAMES OF SAME Midwest Wall & Ceiling Contractors

I, the undersigned, certify under penalty of perjury that the foregoing is true and correct.

[signature] Castro, Treasurer, as Officer and Shareholder

of ASC Insulation & Fireproofing, Inc. Dated: 11-30-15

**Calibre CPA Group, PLLC**
**Payroll Audit Information Sheet**

AUDIT DATE: 11/30/15

AUDIT SITE (IF DIFFERENT FROM EMPLOYER'S ADDRESS: same

ALL REQUIRED ACCOUNTING RECORDS WERE AVAILABLE WITH THE EXCEPTION OF

BRIEFLY DESCRIBE THE NATURE OF THE DELINQUENCY, IF ANY

Under reported hours and wages to the funds and dues office. This audit also includes a wage audit.

DID YOUR EXAMINATION UNCOVER ANYTHING SPECIAL OR UNUSUAL WHICH SHOULD BE BROUGHT TO THE ATTENTION OF THE FUND COUNSEL OR OTHER INTERESTED PERSONS?

☐ YES ☒ NO

IF YES, EXPLAIN

AUDITOR: Sarah Paganini

FIELD REPRESENTATIVE: John Bronson

# ILLINOIS WORKERS' COMPENSATION COMMISSION
# SETTLEMENT CONTRACT LUMP SUM PETITION AND ORDER

ATTENTION. Please type or print. Answer all questions. File four copies of this form. Attach a recent medical report.

Workers' Compensation Act ☒ Occupational Diseases Act ☐ Fatal case? No ☒ Yes ☐ Date of death ______

Michelle C. Lieske, daughter & sole heir of Mark Lieske, deceased
Employee/Petitioner

Case # 13 WC 37163

v.

Arbitrator Bocanegra

Terrell Materials Corporation
Employer/Respondent

Setting Chicago

To resolve this dispute regarding the benefits due the petitioner under the Illinois Workers' Compensation or Occupational Diseases Act, we offer the following statements. We understand these statements are not binding if this contract is not approved.

Michelle C. Lieske, daughter & sole heir of Mark Lieske, deceased — Employee's name
3204 S. Racine Chicago, IL 60608 — Street address, City, State, Zip code

Terrell Materials Corporation — Employer's name
929 W. Adams St. Chicago, IL 60607 — Street address, City, State, Zip code

State Employee? Yes ☐ No ☒ Male ☒ Female ☐ Married ☐ Single ☒

# Dependents under age 18 0 Birthdate 8/14/1955 Average weekly wage $ 1,337.72

Date of accident 4/29/2013

How did the accident occur? Repetitive duties – Shoveling concrete

What part of the body was affected? Lumbar spine

What is the nature of the injury? Lumbar strain

The employer was notified of the accident orally ☒ in writing ☐ Return-to-work date DISPUTED

Location of accident Chicago, IL Did the employee return to his or her regular job? Yes ☐ No ☒

If not, explain below and describe the type of work the employee is doing, the wage earned, and the current employer's name and address.

The Petitioner is deceased.

TEMPORARY TOTAL DISABILITY BENEFITS: Compensation was paid for 17 weeks at the rate of $ 891.81/week.

The employee was temporarily totally disabled from 7/3/2013 through 10/29/2013.

MEDICAL EXPENSES: The employer has ☐ has not ☒ paid all medical bills. List unpaid bills in the space below.

See terms of settlement

PREVIOUS AGREEMENTS: Before the petitioner signed an *Attorney Representation Agreement*, the respondent or its agent offered in writing to pay the petitioner $ 0 as compensation for the permanent disability caused by this injury.

An arbitrator or commissioner of the Commission previously made an award on this case on 0 regarding

TTD $ 0 Permanent disability $ 0 Medical expenses $ 0 Other $ 0

TERMS OF SETTLEMENT: Respondent offers and the petitioner agrees to accept $27,058.13 in full and final settlement of any and all claims under the Workers' Compensation Act and Occupational Disease Act for any and all accidental injuries of any nature, kind, or description allegedly incurred as a result of the accident of April 29, 2013, including any and all results, developments, or sequelae, fatal or non-fatal, allegedly resulting from such accidental injuries and whether or not such injuries are compensable. Issues exist between the parties as to whether petitioner has incurred injuries to the degree alleged and whether or not such injuries are compensable, and this settlement is made to amicably settle all issues on a disputed basis. This settlement includes liability for temporary total compensation and all medical, surgical, rehabilitation and hospital expenses, past or future, allegedly resulting from said accidental injury for all of which petitioner expressly assumes responsibility. All rights under Section 8(a), 8.2(d), and including but not limited to Section 19(h) of the Act are expressly waived by the parties. The respondent owes no interest to the petitioner or any other party, including, but not limited to all medical providers. The Respondent agrees to pay reasonable, necessary, and related medical bills for the lumbar spine, pursuant to the fee schedule or contract rate, whichever is less, with dates of service through October 10, 2013. The Respondent agrees to pay reasonable, necessary, and related medical bills from Northwestern Medical Faculty Foundation for the lumbar spine, pursuant to the fee schedule or contract rate, whichever is less, with only dates of service of April 30, 2013, May 13, 2013, May 16, 2013 and May 22, 2013, so long as Northwestern Medical Faculty Foundation or the Petitioner's attorney provides the Health Insurance Claim Forms necessary for those bills to be placed in line for payment. The petitioner and/or any medical provider or their agent is entitled to no interest under Section 8.2(d)3 of the Act or any other provision of the Act. The petitioner and respondent agree that this settlement is made with the intent to preserve all rights afforded to respondent under Section 5(b) of the Act and in no way are any rights under Section 5(b) waived by respondent. Without limiting the generality of the foregoing release, this settlement represents: 7.5% loss of use of the man as a whole (37.5 weeks x $721.55) = $27,058.13

| | |
|---|---|
| Total amount of settlement | $ **$27,058.13** |
| Deduction: Attorney's fees | $ 5,411.63 |
| Deduction: Medical reports, X-rays | $ 25.99 |
| Deduction: Other (explain) | $ |
| Amount employee will receive | $ 21,620.51 |

PETITIONER'S SIGNATURE. *Attention, petitioner. Do not sign this contract unless you understand all of the following statements.* I have read this document, understand its terms, and sign this contract voluntarily. I believe it is in my best interests for the Commission to approve this contract. I understand that I can present this settlement contract to the Commission in person. I understand that by signing this contract, I am giving up the following rights:

1. My right to a trial before an arbitrator;
2. My right to appeal the arbitrator's decision to the Commission;
3. My right to any further medical treatment, at the employer's expense, for the results of this injury;
4. My right to any additional benefits if my condition worsens as a result of this injury.

x [signature]
Signature of petitioner

**Michelle C. Lieske, daughter & sole heir of Mark Lieske, deceased**
Name of petitioner (please print)

Telephone number

12/11/15
Date

PETITIONER'S ATTORNEY. I attest that any fee petitions on file with the IWCC have been resolved. Based on the information reasonably available to me, I recommend this settlement contract be approved.

[signature]
Signature of attorney

12/11/15
Date

**Peter A. Papoutsis**
Attorney's name and IC code # (please print)

**Law Offices of Nicholas C. Syregelas**
Firm name

**19 N. Green St.**
Street address

**Chicago, IL 60607**
City, State, Zip code

**312-243-0900**
Telephone number

E-mail address

FEIN# 20-5336693

RESPONDENT'S ATTORNEY. ~~I attest that any fee petitions on file with the IWCC have been resolved.~~ The respondent agrees to this settlement and will pay the benefits to the petitioner or the petitioner's attorney, according to the terms of this contract, promptly after receiving a copy of the approved contract.

[signature]
Signature of attorney or agent

12/10/15
Date

**Elizabeth C. Vicars #766**
Attorney's name and IC code # or agent (please print)

**Hennessy & Roach, P.C.**
Firm name

**140 S. Dearborn St., Ste. 700**
Street address

**Chicago, IL 60603**
City, State, Zip code

**312-346-5310**
Telephone number

**AIG**
Name of respondent's insurance company (please print)

APPROVED BY AUTHORITY OF THE ILLINOIS WORKERS' COMPENSATION COMMISSION pursuant to the provisions of the Workers' Compensation and Workers' Occupational Diseases Acts

ORDER OF ARBITRATOR OR COMMISSIONER: Having carefully reviewed the terms of this contract, in accordance with Section 9 of the Act, by my stamp I hereby approve this contract, order the respondent to promptly pay in a lump sum the total amount of settlement stated above, and dismiss this case.

DEC 16 2015

By: Maria S. Bocanegra, Arbitrator